## Harris *et al*. Appellants, *v.* Bolton *et al*.

When the vendee who holds under contract of dependent covenants, comes into a court of chancery to restrain the collection of the purchase money until titles are perfected, he must show a performance on his part by a tender of the purchase money, or he cannot sustain his bill.

APPEAL from the superior court of chancery.

Hannibal Harris, Spearman Holland, Joseph Coe and Thomas R. Herron, filed their bill in the superior court of chancery, against Richard Bolton, David Hubbard, John Delafield, Joseph D. Beers, Knowles Taylor, Morris Ketchum, Benjamin Curtis, Charles Altrater and John Bolton, by which, in substance, they alleged that they made an agreement for the purchase of a tract of land in their bill mentioned, with Richard Bolton and David Hubbard, agents for the New York and Mississippi Land Company. The complainants executed notes for the purchase money, with security, a part of which had been paid, and a balance unpaid, and said Bolton and Hubbard, in the character of agents, agreed to convey when the purchase money was paid; that complainants have always been ready to pay when a title could be obtained; that suit was commenced for the balance of the purchase money, and complainants being advised that a judgment could not be successfully resisted, made no defence, but permitted judgment to be rendered by default, the counsel at the same time agreeing to stay the execution until a complete title could be made. Afterwards a deed was tendered, purporting to be a conveyance, by John Delafield *et al*. the trustees of the said land company, by Hubbard and Bolton, their agents or attorneys in fact. The complainants being anxious to execute the agreement, submitted the deed to counsel, and were advised that by itself it was not sufficient, of which said Hubbard and Bolton were advised, and replied that the ob-

jection could not be obviated. The plaintiffs were about enforcing their judgment at law, and an injunction was obtained. A motion was made to dissolve the injunction, which was sustained, and appeal to this court.

HUGHES for appellant.

The agreement was executory, and not executed. In such cases the rule is well established, that the vendee shall not be compelled to part with his money until he can get a good title. 11 John. R. 52; 5 *Ib.* 257. Numerous other authorities to the same effect might be cited, but these are deemed sufficient.

When, as in the present case, the agreement is executory, the burden of showing a good title is with the vendor, not with the vendee to show there is no title. See Sugden on Vendors, 263, top page.

An offer to sell, or an agreement to sell a particular thing, is, in the person offering to sell, an affirmation that he has title to the thing proposed to be sold, and while the thing is in *fieri* there is nothing which will dispense with the proof of the affirmation. When the agreement is executed the law is different.

In this case, we do not know in whom the legal title is, but we suppose it to be in the trustees, who purported to make a deed by their agents; but of this we wish to be satisfied. Again: suppose the title to be in John Delafield and others, the trustees, what evidence have we that Richard Bolton and David Hubbard are the agents of those trustees? We only have their affirmation to that effect. Again, if it be true that they are the agents, are the persons who created the agency yet living? These are all questions which it is the duty of the vendee to look to before he executes the agreement.

By our statute, in order that title to real estate may pass from one to another, the instrument of conveyance must be a writing sealed and delivered; and that the same may pass as to creditors and subsequent purchasers, the instrument or deed must be proved or acknowledged and recorded, or the deed as to them is absolutely void. Upon a similar law in Kentucky, the courts have decided that, where the deed is executed by an attorney in fact, the power or letter of attorney under which the deed is made must also be

recorded, and that the power of attorney must be by deed. Plummer *v.* Russel, 2 Bibb, 175 ; Taylor *v.* McDonal's Heirs, 2 Bibb, 424. What evidence on the record is there that the New York and Mississippi Land Company, or John Delafield and others are the trustees? If they be such trustees by deed, have they ever authorized Hubbard & Bolton to sell and convey the land in contest to Harris, Holland and others, or to any other person. And should it hereafter turn out that no such authority ever existed, the money of the complainants below will be gone for nothing.

Again: We had a right to require of the company, or those in whom the title was vested for them, to make the deed themselves, instead of doing it by attorney, and for these satisfactory reasons:

1. The making the deed by attorney tends to multiply the proofs, and the vendee may be put under difficulties. The letter of attorney may be lost.

2. The letter of attorney may be revoked, and the revocation notified to the attorney and not to the purchaser; then the deed would be void.

3. As before suggested, the vendor may be dead; then a deed executed would be void. See Sugden on Vendors, 523, top page.

The court below went upon some ground with which the counsel for appellants were not acquainted, and of which they were and are not advised, when the injunction was dissolved. The bill is most clearly framed with a view to specific execution of the contract, and for injunction until the title should be made out satisfactorily. A deed had been offered, but not such a one as the law authorized the purchaser to require. It was objected to, and he was informed that he could get no other, and upon this the injunction is dissolved. This, if it is to stand, will be doing equity with a vengeance. You will take the purchaser's money from him, compel him to execute the agreement, then in another action or by bill investigate title, and if the conveyance is void or vested nothing, compel him to resort to his action on the covenants in the deed; and, to sustain these covenants, compel him to resort to evidence to prove a letter of attorney of the existence of which he knows nothing. He is not informed that any such is on record, and when, where or how to sustain his case he knows not. But compel the vendor to exhibit his title, make deed himself, or

15*

compel those acting as agent to exhibit the title of the principal, and the authority for acting, and put it upon record, then there will be no difficulty. The one will receive his money and the other his property, and will, besides, have the evidence which the law says he shall have of his title.

W. YERGER, for appellees.

It appears that the complainants were not to have a title until the payment of the purchase money, and there is no averment of a tender, upon their part, of the purchase-money, and a refusal upon the part of the defendants to make a deed according to their agreement; nor is there an allegation that the defendants cannot do this.

It does not appear from the bill that the deed tendered was not complete in every respect. It merely avers that the deed did not exhibit or refer to the appointment of the trustees, who made it. There is no averment, however, that they had not been appointed. It also alleges that the deed did not show the power of appointment of Bolton and Hubbard to act as agents. There is no averment, however, that they were not regularly appointed. It was also averred that the deed did not show a relinquishment of dower of the *cestui que trusts.* There is no averment, however, that the dower was not relinquished; nor any allegation even that the *cestui que trusts* were married. So that every fact stated in the bill may be true, and yet the complainants not be entitled to an injunction. For it was not necessary that the deed should exhibit these things. It is sufficient if they be so in fact. And from all that appears upon the face of the bill, or that this court can know, every necessary requisite to a good title may have been tendered by defendants. It is a well established rule in equity pleading, that the complainants' bill must show a clear title to equitable relief; but where the allegations are such that every thing stated may be true, and yet the complainants have no equity, the court will dismiss the bill. Upon reading this bill, the court will see that such is its situation.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a bill filed by the complainants to enjoin the collection of a note given by them for the purchase of a tract of land from the defendants as agents of the New York and Mississippi

Land Company. It states the purchase, and alleges that the defendants covenanted and agreed, upon the payment of the purchase money, to execute good and sufficient conveyances in fee simple for the land.

The note was sued on, and judgment obtained upon it. A deed was executed and tendered to the complainants; but they refused to receive it, because it did not show the authority of the agents, and because of some other alleged defects. Neither the original agreement, nor the deed which was tendered, nor any other muniment of title accompanies the bill. There is no allegation of fraud, and a positive objection made to the rescission of the contract, but a prayer that the defendants be enjoined from the collection of the money, until they remove the clouds resting upon the title. An injunction was granted, which was afterwards dissolved upon motion without answer, and an appeal taken from the order of dissolution.

Taking the covenants in this case to be dependent, which is the strongest point of view in which they can be regarded for the complainants, still this bill cannot be sustained. In the case of dependent covenants, if the proceeding is on the part of the vendee, he must tender the purchase money and demand a deed; if the vendor cannot comply, he will be in default, and the vendee entitled to relief. The party who comes into court must show that he has done all that was to be performed on his part, or must at least tender performance, or he cannot succeed. Bank of Columbia *v.* Hagner, 1 Peters, 465. As in this case the bill does not allege that the money had been tendered, and a conveyance demanded, the defendants have not been put in default, and the injunction cannot be retained. We do not deem it important to determine whether the covenants are dependent or independent, because in this case the result would be the same.

Even in Virginia, where they have carried the doctrine of equitable relief to the purchaser much farther, than in England or elsewhere, it is held that the vendee cannot require the vendor to deduce his title; he must show and prove the defects, or he is entitled to no relief. Ralston *v.* Miller, 3 Rand. This was not done in this instance.

The dissolution of the injunction was proper, and the order to that effect affirmed.